# 2000 DTA 113

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL II DE BAYAMON
### PANEL I

MELVIN MAYSONET TORRES
Demandante-Peticionario

v.

LIZAIDA VALLE AVILES
Demandada-Recurrida

Núm. KLCE-99-00999

San Juan, Puerto Rico, a 29 de febrero de 2000

Panel integrado por su Presidente, el Juez Sánchez Martínez,
la Jueza Ramos Buonomo y la Jueza Cotto Vives

Cotto Vives, Jueza Ponente

**TEXTO COMPLETO DE LA RESOLUCION**

El apelante, Sr. Melvin Maysonet Torres, nos solicita la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 4 de agosto de 1999. Mediante la misma, el tribunal apelado dejó sin efecto una determinación del 8 de enero de 1998 que fijó en ochenta y nueve dólares con treinta y un centavos ($89.31) mensuales el monto de una pensión alimentaria en beneficio del hijo habido en su matrimonio con la Sra. Lizaida Valle Avilés. En esa ocasión, el referido tribunal puso en vigor una determinación del 11 de marzo de 1998 que fijaba a su vez dicha pensión en ciento ochenta y nueve dólares con seis centavos ($189.06) mensuales.

Alega el Sr. Maysonet Torres que erró el Tribunal de Primera Instancia (Hon. Georgina Dávila Altieri) al referir el caso de epígrafe a la Jueza que originalmente había entendido en el mismo, para que ésta determinara cuál de las dos resoluciones emitidas por ella debía prevalecer.

Por los fundamentos expuestos a continuación, se deja sin efecto la sentencia apelada, titulada resolución, y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos en este caso de manera cónsona con lo aquí dispuesto.

**I**

Previo a entrar en la consideración del caso, debemos establecer que los dictámenes emitidos por el Tribunal de Primera Instancia que adjudican o resuelven una reclamación de alimentos constituyen propiamente sentencias de las cuales puede apelarse, aunque no constituyen cosa juzgada, ya que están sujetas a revisión judicial en el foro de primera instancia si ocurre un cambio en las circunstancias. En razón de ello, el recurso apropiado para revisar el dictamen apelado es el de apelación, y como tal, lo acogemos. *Figueroa Hernández v. Del Rosario,* 146 D.P.R. ___ (1998), **98 J.T.S. 151.**

**II**

Veamos los hechos relevantes al asunto que se nos plantea.

El 11 de julio de 1997, el Sr. Maysonet Torres presentó ante el Tribunal de Primera Instancia una petición para que se establecieran relaciones paterno filiales y se le fijara una pensión alimentaria en beneficio del menor Michael A. Maysonet Valle, el cual fue procreado durante la vigencia de su matrimonio con la Sra. Lizaida Valle Avilés. El tribunal apelado celebró una vista el 19 de agosto de 1997 con el propósito de determinar cómo habrían de llevarse a cabo las relaciones paterno filiales y cuál sería el monto de la pensión alimentaria que el

Sr. Maysonet Torres estaría obligado a proveerle a dicho menor.

En la vista celebrada, ambas partes presentaron las correspondientes planillas de información personal y económica (PIPE) debidamente cumplimentadas. Acorde con la información suministrada por las partes, el tribunal recurrido (Hon. Joan Vega Vélez) recomendó una pensión alimentaria de ochenta y nueve dólares con treinta y un centavos ($89.31) mensuales retroactiva a agosto de 1997. ■ Surge, además, que el tribunal estableció relaciones paterno-filiales provisionales, refiriendo el caso al Centro de Mediación de Conflictos de Bayamón. Con la intervención del Centro, las partes llegaron a unos acuerdos sobre el particular, lo cual hizo innecesaria la celebración de una vista.

Así las cosas, el 8 de enero de 1998, el tribunal apelado (Hon. Joan Vega Vélez) emitió una resolución mediante la cual redujo a escrito el dictamen antes relacionado en cuanto al monto de la pensión alimentaria determinada en la vista del 19 de agosto de 1997, ($89.31 mensuales). Al referir la resolución de la Jueza Vega Vélez a la Hon. Georgina Dávila Altieri, ■ ésta le impartió su aprobación el 14 de enero de 1998 dictando la siguiente sentencia la cual fue notificada el 17 de febrero de 1998:

*"Examinada la Resolución y Orden emitida por la Honorable Juez, Joan Vega Vélez, el día 8 de enero de 1998, este Tribunal le imparte su aprobación y la hace formar parte de esta Sentencia.*

*Se ordena a secretaría a enviar copia junto con esta Sentencia de dicha Resolución y Orden.*

*REGISTRESE Y NOTIFIQUESE.*

*En Bayamón, Puerto Rico, a 14 de enero de 1998. Juez Superior"*

Inexplicablemente, --el 25 de marzo de 1998-- se le notificó al Sr. Melvin Maysonet, una segunda sentencia del tribunal *a quo* (Hon. Georgina Dávila Artieri) dictada el 16 de marzo de 1998, fijando una pensión alimentaria de ciento ochenta y nueve dólares con seis centavos, ($189.06) mensuales retroactiva al 1 de diciembre de 1997 al ésta aprobar otra resolución emitida el 11 de marzo de 1998 por la Jueza Joan Vega Vélez recomendando una pensión alimentaria diferente a la anterior.

El 1 de abril de 1998, el Sr. Maysonet Torres presentó una moción cuestionando la nueva pensión alimentaria establecida por el tribunal en su más reciente sentencia. Dicha moción fue acogida por el tribunal (Hon. Georgina Dávila Artieri) y referida a la Jueza Joan Vega Vélez para su consideración el 7 de julio de 1998. Preciso es señalar que mientras se dilucidaba esta moción, el Sr. Melvin Maysonet alegó continuar pagando mensualmente los $89.31 de pensión alimentaria.

Así las cosas, el 1 de diciembre de 1998, la Jueza Joan Vega Vélez emitió una resolución dejando sin efecto la determinación de alimentos por la cantidad de $89.31 mensuales y recomendó que se mantuviera en vigor la resolución de 11 de marzo de 1998 que dispuso la cantidad de $189.06 mensuales en pensión alimentaria.

El 4 de agosto de 1998, la Sra. Valle Avilés presentó una moción solicitando se encontrara al Sr. Maysonet Torres incurso en desacato por éste no cumplir con el pago de la pensión de $189.06. El foro apelado, luego de celebrar una vista el 8 de marzo de 1999, (Hon. Georgina Dávila Artieri), determinó que aparentemente existía un error, ya que no podían haberse emitido dos sentencias diferentes sobre alimentos en tan breve plazo y le ordenó al Sr. Maysonet Torres continuar pagando la pensión de $89.31 mensuales hasta tanto el tribunal determinara cuál de las dos sentencias de alimentos era la que debía prevalecer. Reseñaló el caso para el 25 de marzo de 1999.

En la vista celebrada el 25 de marzo de 1999, el foro apelado (Hon. Georgina Dávila Artieri) dejó sin efecto la sentencia dictada el 16 de marzo de 1998, la cual aumentaba el monto de la pensión alimentaria a $189.06

mensuales, ya que no surgía de los autos la razón para haberla impuesto.

Por último, el 4 de agosto de 1999 --luego de recibir sendos escritos de las partes-- el Tribunal de Primera Instancia dejó sin efecto lo dispuesto en la vista del 25 de marzo de 1999 y refirió el caso nuevamente a la Jueza Joan Vega Vélez, ya que era ésta la que había emitido las resoluciones en controversia, para que aclarara cuál de las dos pensiones alimentarias recomendadas era la que debía prevalecer.

De dicha determinación es que acude ante nos el Sr. Melvin Maysonet Torres. Alega que erró el Tribunal de Primera Instancia al referir el caso de epígrafe a la Jueza que había entendido en el mismo originalmente, ya que el tribunal apelado debió concluir que la segunda sentencia era inválida por haber sido dictada sin la celebración de una vista. Este Tribunal resuelve dejar sin efecto la segunda sentencia. Nos explicamos.

## III

La Ley Orgánica de la Administración para el Sustento de Menores, Ley 5 de 30 de diciembre de 1986, según enmendada por la Ley 169 de 18 diciembre de 1997, 8 L.P.R.A. sec. 501 *et seq*. (Supl. 1999), tiene como propósito lograr que los padres o las personas legalmente responsables contribuyan, en la medida en que sus recursos lo permitan, a la manutención y bienestar de sus hijos o dependientes mediante el fortalecimiento de los sistemas de agilización de los procedimientos administrativos y judiciales para la determinación y distribución de las pensiones alimentarías. Leyes de Puerto Rico de 18 de diciembre de 1997, Ley 169, *supra*.

La Ley 5, *supra*, dispone en su Art. 19, 9 L.P.R.A. sec. 518, que las pensiones alimentarias podrán ser revisadas y modificadas, de ser necesario, transcurridos tres (3) años, desde su vigencia a solicitud del alimentante o el alimentista. En Puerto Rico rige la doctrina de los cambios sustanciales en la situación del alimentante o el alimentista cuando de modificar pensiones alimentarias se trata. Esto significa que si una parte interesa aumentar o reducir el monto de una pensión, debe alegar y demostrar que existen circunstancias que cambiaron sustancialmente la situación económica de dicha parte de manera que se justifique la modificación de la pensión. En estos casos, el peso de la prueba recae en aquella parte que reclama el aumento o la reducción. Sarah Torres Peralta, La Ley Especial de Sustento de Menores de 1994 y El Derecho de Alimentos en Puerto Rico, San Juan, Publicaciones STP, Inc., Edición Especial 1997, pág. 2.44.

De otro lado, dispone, asimismo, el Art. 19, *supra*, que un decreto judicial fijando la cuantía de una pensión alimentaria quedará vigente hasta tanto se emita otro decreto judicial modificando de alguna forma o dejando sin efecto el decreto anterior. Mientras subsista el derecho a recibir los alimentos, la orden retiene su continuidad, aun de ocurrir eventos como un matrimonio del alimentante o la emancipación del alimentista, entre otros. *López v. Rodríguez,* 121 D.P.R. 23 (1988).

En el caso de autos, el Sr. Maysonet Torres solicitó que se le asignara una pensión alimentaria y que se establecieran relaciones paterno-filiales, ya que se encontraba separado de su esposa. A tales efectos, presentó la correspondiente solicitud y el tribunal apelado le dio curso señalándola para vista. En ocasión de la vista, el tribunal estableció provisionalmente las relaciones paterno-filiales y se le informó, tanto a la Sra. Valle Avilés como al Sr. Maysonet Torres, que esa tarde se celebraría una vista ante la Examinadora de Pensiones Alimentarias. Sin embargo, la vista fue celebrada ante la Jueza Joan Vega Vélez, fungiendo como examinadora, ya que toda resolución dictada por ésta sobre alimentos, fue examinada y aprobada mediante una sentencia por la Jueza Georgina Dávila Artieri.

A raíz de la referida vista, el tribunal *a quo* fijó la pensión alimentaria a favor del menor en ochenta y nueve dólares con treinta y un centavos mensuales ($89.31). Por lo tanto, una vez establecida la pensión alimentaria que el Sr. Maysonet Torres estaba obligado a satisfacer a la Sra. Valle Avilés en beneficio del hijo menor de ambos, sólo restaba la determinación final con respecto a las relaciones paterno-filiales. Sin embargo, de los autos del caso se desprende que -inexplicablemente- el Tribunal de Primera Instancia señaló una segunda vista

para el 26 de noviembre de 1997 ante la Examinadora de Pensiones Alimentarias, vista que nuevamente fue encomendada a la Jueza Vega Vélez, procediendo ésta a fijarle al Sr. Maysonet Torres una pensión diferente a la que le había fijado originalmente a penas unos meses antes. No surge del expediente ninguna petición de las partes solicitando que la pensión de $89.31 fuese modificada, tal y como requiere el Art. 19 de la Ley Orgánica de la Administración para el Sustento de Menores, *supra*. Es doctrina conocida que la alteración sobre una determinación de pensión alimentaria sólo procede cuando existe un cambio sustancial en las circunstancias que dieron lugar a su imposición. *Cantellops v. Cautiño Bird,* 146 D.P.R. ___ (1998), **98 J.T.S. 137**, 120 D.P.R. 61 (1987). En el caso que nos ocupa, tampoco se alegaron y probaron cambios sustanciales en la capacidad económica del Sr. Maysonet Torres o la necesidad de la Sra. Valle Avilés.

Por todo lo anteriormente expuesto, se deja sin efecto la segunda sentencia emitida el 16 de marzo de 1998, fijando un aumento a la pensión alimentaria, ya que no encuentra apoyo en Derecho y se mantiene vigente la sentencia dictada el 14 de enero de 1998 que le impone al Sr. Maysonet una pensión alimentaria de $89.31 mensuales, hasta tanto no ocurra, y así se demuestre, un cambio sustancial en las circunstancias de las partes que amerite la modificación de la pensión alimentaria dispuesta a favor del hijo de ambas partes. No obstante, deberá determinar el Tribunal de Primera Instancia si el Sr. Maysonet adeuda alguna cantidad de dinero por concepto de la pensión alimentaria según alegado por la Sra. Valle Avilés, pero a base de una pensión de $89.31 mensuales.

## IV

Por tanto, se revoca la sentencia emitida el 16 de marzo de 1998 y se devuelve el caso al Tribunal de Primera Instancia para que continúe con los procedimientos en cuanto al desacato se refiere, tomando como base para su cómputo la pensión alimentaria de $89.31 mensuales, así como, también, dilucide aquellos aspectos que no hayan sido resueltos en lo referente a la solicitud del Sr. Maysonet Torres sobre la expansión de las relaciones paterno-filiales.

Así lo acordó y manda el Tribunal y lo certifica la Sra. Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General